| | | |
|---|---|---|
| Mr. Hobert Church Jr. | * | IN THE UNITED STATES |
| 797 John Jones Roade | * | |
| Elk Park, NC 28622 | * | DISTRICT COURT |
| | * | |
| Plaintiff | * | FOR |
| | * | |
| v. | * | MARYLAND |
| | * | |
| | * | AT BALTIMORE |
| Pfizer Inc. | * | |
| 235 East 42nd Street | * | |
| New York, NY 10017 | * | |
| | * | |
| Serve: The Corporation Trust Inc. | * | |
| 300 E. Lombard St. | * | |
| Baltimore, MD 21202 | * | |
| | * | CLAIM NO.: |
| Defendant | * | |
| | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

COME NOW the plaintiff, Hobert Church Jr., by and through counsel, Paul A. Weykamp and the law offices of Paul A. Weykamp, and brings suit against the defendant, Pfizer Inc., and for good cause states:

### PARTIES, JURISDICTION, AND VENUE

1. The plaintiff, Hobert Church Jr., at all times relevant hereto, has resided in Elk Park, NC, and took the drug CELEBREX® at points in time between 1999 and 2005. As used herein, "plaintiff" shall refer to Hobert Church Jr. unless specifically noted otherwise.

2. Defendant, Pfizer, Inc., a Delaware corporation, authorized to do and doing business in the State of Maryland and the State of North Carolina, with its principal place of business in New York, has

1

committed a tort within the State of Maryland and may be served with process of this Court in accordance with Rule 4 of the Federal Rules of Civil Procedure through its registered agent for service of process.

4.     This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000 exclusive of interest and costs and because this action is brought by an individual who is a citizen of a state other than that of the Defendant.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391. Plaintiff purchased the products that form the basis of this lawsuit in the State of Maryland and State of North Carolina. At all relevant times herein, Pfizer, Inc. was in the business of designing, manufacturing, marketing, developing, testing, labeling, promoting, distributing, warranting and selling its product, CELEBREX®. Pfizer, Inc. at all times relevant hereto designed, developed, manufactured, promoted, marketed, distributed, tested, warranted and sold in interstate commerce the aforementioned prescription drug. Pfizer, Inc. does substantial business in the State of Maryland and State of North Carolina and within this Federal District, advertises in this district, received substantial compensation and profits from sales of CELEBREX® in this district, and made material omissions and misrepresentations and breaches of warranties in this district. All conditions precedent have been performed or have occurred. Fed. R. Civ. Proc. 9(c).

## FACTUAL ALLEGATIONS

6.     Pfizer, Inc. is in the business of designing, manufacturing, marketing, developing, testing, labeling, promoting, distributing, warranting and selling its product, CELEBREX®. Pfizer, Inc., at all

times relevant hereto, designed, developed, manufactured, promoted, marketed, distributed, tested, warranted and sold CELEBREX® in the State of Maryland State of North Carolina.

7. Plaintiff, ingested CELEBREX® as prescribed and as a result thereof, suffered a Heart Attack.

8. At all times relevant herein, Plaintiff was unaware of the serious side effects and dangerous properties of the drug as set forth herein.

9. The product in question was designed, formulated, patented, marketed, sold, tested, warranted, and ultimately distributed by the Defendant as CELEBREX®.

10. CELEBREX® is in a class of drugs called non-steroidal anti-inflammatory drugs. It was approved by the Food and Drug Administration for the treatment and management of symptoms of osteoarthritis and rheumatoid arthritis in adults.

11. Pfizer, Inc. originally refused to withdraw CELEBREX® from the market, despite scientific studies documenting greater than triple the risk of heart attacks, strokes and death in connection with the use of CELEBREX®.

12. Defendant materially breached its obligations to consumers, such as the Plaintiff, including but not limited to its design, testing, manufacture, design, warning, marketing, warranting and sale of CELEBREX®.

13. Defendant expressly and/or impliedly warranted to the market, including the Plaintiff, by and through statements made by Defendant or its authorized agents or sales representatives, orally and in publications, package inserts and other written materials to the health care community, that CELEBREX® was safe, effective, fit and proper for its intended use.

14. Defendant was aware of the substantial risks of taking CELEBREX® but failed to fully disclose.

15.     Defendant failed to meet the applicable standards of care, which were intended for the benefit of individual consumers such as the Plaintiff, making the Defendant liable for the Plaintiff's injuries.

## COUNT I: NEGLIGENCE

16.     The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

17.     Defendant Pfizer and its representatives were merchants or sellers of CELEBREX®.

18.     Despite the fact that Defendant Pfizer knew, or should have known that CELEBREX® could cause unreasonable injurious results and/or death to Plaintiff, the Defendant continued to market, distribute, and sell CELEBREX® to the public.

19.     Defendant Pfizer knew, or should have known that consumers, such as Plaintiff, would foreseeably suffer injuries and/or death as a result of Defendant Pfizer's failure to exercise ordinary care as described above. Moreover, after Defendant Pfizer became aware of the serious risks of ingesting CELEBREX®, it owed a legal duty to Plaintiff, and the general public, to disclose that knowledge. Defendant Pfizer's breach of its duty to disclose this information was a proximate cause of the injuries to the Plaintiff.

20.     As a direct and proximate result of the negligence and breach of Defendant Pfizer, Plaintiff sustained a Heart Attack. Defendant Pfizer owed a duty to Plaintiff to use reasonable care in its actions. Defendant Pfizer's failure to use reasonable care proximately caused Plaintiff's injuries, including medical expenses, lost wages, physical and mental pain, suffering and anguish. The Plaintiff became aware of the dangers of CELEBREX® in 2005 after the national recall of the drug.

WHEREFORE, the Plaintiff, Hobert Church Jr., prays for judgment against Defendant, Pfizer Inc., for

actual, general, and compensatory damages in the amount of $5,000,000.00.

## COUNT II: STRICT PRODUCTS LIABILITY

21. The Plaintiff adopts and re-alleges paragraphs above as if fully set forth herein.

22. CELEBREX®, as designed, manufactured, sold and/or supplied by Defendant Pfizer, was placed into the stream of commerce by Defendant in a defective and unreasonably dangerous condition taking into consideration the utility of the product and the risks involved with the drug's use.

23. Further, CELEBREX®, as designed, manufactured, distributed, sold and/or supplied by Defendant, was defective in marketing due to inadequate warnings, instructions, and/or labeling.

24. CELEBREX®, as designed, manufactured, distributed, marketed, sold and/or supplied was defective due to inadequate testing.

25. CELEBREX® was defective in design and/or formulation in that, when it left the hands of Defendant and/or its representative, agents or assignees, the foreseeable risks of serious harm posed by this drug far exceeded its alleged benefits. The foreseeable risks of serious harm were so that Plaintiff and the general public, having known of such foreseeable risks and alleged benefits, would not have ingested CELEBREX®.

26. CELEBREX® was also defective due to inadequate warnings and misrepresentations to healthcare professionals. Defendant knew that had healthcare professionals been adequately warned of the serious risks of injury to their patients, healthcare professionals would not have prescribed CELEBREX® to patients.

27. CELEBREX® was defective due to inadequate testing both before and after Defendant became aware of the risks of ingesting the drug.

28. As the producing and direct cause and legal result of the design defect and/or the marketing defect due to the Defendant's failure to warn consumers, as well as the defective condition of the drug as manufactured and supplied by Defendant and its representatives, Plaintiff suffered injuries and damages as set forth in paragraph 20 above.

WHEREFORE, the Plaintiff, Hobert Church Jr., prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of $5,000,000.00.

## COUNT III: FRAUD

29. The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

30. Defendant Pfizer fraudulently represented to the general public, as well as healthcare professionals, that CELEBREX® was a safe and effective drug. Defendant Pfizer made this representation while knowing that, if healthcare professionals and consumers knew of the serious risks associated with the ingestion of the CELEBREX® drug, they would not prescribe and/or ingest this drug. Defendant Pfizer knew its representations to be false, and Plaintiff relied on Defendant Pfizer's false representations in ingesting CELEBREX®. These fraudulent representations by Defendant Pfizer were proximate cause of Plaintiff's injuries enumerated in paragraph 20 above.

WHEREFORE, the Plaintiff, Hobert Church Jr., prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of $5,000,000.00 and $80,000,000.00 in punitive damages.

## COUNT IV: NEGLIGENT MISREPRESENTATIONS

31. The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

32. Defendant Pfizer represented and marketed the CELEBREX® drug as being safe and effective. After Defendant Pfizer became aware of the risk of ingesting CELEBREX®, however, Defendant Pfizer failed to communicate to Plaintiff and/or the general public, that the ingestion of this drug could cause a person to suffer a Stroke, or that the CELEBREX® drug could cause a Heart Attack to the person ingesting the drug.

33. Therefore, Plaintiff brings this cause of action against Defendant Pfizer under the theory of negligent misrepresentation for the following reasons:

    a) The Plaintiff incorporates all facts and allegations previously stated in this Complaint;

    b) Defendant Pfizer failed to warn Plaintiff, and other consumers, of the defective condition of the CELEBREX®, as manufactured and/or supplied by Defendant Pfizer;

    c) Defendant Pfizer, individually, and through its agents, representatives, distributors and/or employees, negligently misrepresented material facts about CELEBREX® in that they made such misrepresentations when they knew or reasonably should have known of the falsity of such misrepresentations. Alternatively, Defendant Pfizer made such misrepresentations, without exercising reasonable care to ascertain the accuracy of these representations;

    d) The above misrepresentations were made to Plaintiff, as well as the general public;

    e) Plaintiff and his healthcare provider justifiably relied on Defendant Pfizer's misrepresentations; and

    f) Consequently ingestion of CELEBREX® was to Plaintiff's detriment.

34.     As a direct and proximate result of the fraudulent acts and omissions, and misrepresentation of Defendant Pfizer, Plaintiff suffered significant and ongoing injury and damages as set forth in paragraph 20 above.

WHEREFORE, the Plaintiff, Hobert Church Jr., prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of $5,000,000.00.

### COUNT V: EXPRESSED WARRANTY FOR GOODS

35.     The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

36. Defendant Pfizer breached its express warranty of goods. Defendant Pfizer was a merchant and/or seller of the CELEBREX drug. Defendant Pfizer sold this drug to consumers for the ordinary purpose for which such drugs are used by consumers. Defendant Pfizer owed a legal duty to Plaintiff and the public in general, to disclose its knowledge of the serious risks of ingesting the CELEBREX drug as marketed. As a direct and proximate result of Defendant's breach of warranties, Plaintiff was injured and suffered special, general and compensatory damages as set forth in paragraph 20 above.

WHEREFORE, the Plaintiff, Hobert Church Jr., prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of $5,000,000.00.

### COUNT VI: IMPLIED WARRANTY

#### A. WARRANTY OF MERCHANTABILITY.

37.     The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

38.     Defendant Pfizer breached its implied warranty of merchantability. Defendant Pfizer was a merchant and/or seller of the Celebrex drug. Defendant Pfizer sold this drug to Plaintiff, and other consumers, for the ordinary purpose for which such drug is used by consumers. Celebrex was defective, or unmerchantable, i.e., not fit for the ordinary purposes for which such drugs are used.

39.     As a direct and proximate result of the defect or defects of the drug, Plaintiff suffered significant and ongoing injury and damages as set forth in paragraph 20 above.

### B. WARRANTY OF FITNESS.

40. The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein, and further allege:

41.     Defendant Pfizer breached its implied warranty of fitness. Defendant Pfizer sold Celebrex drug, and, at the time of the sale of this drug, Defendant Pfizer knew or had reason to know of a particular purpose for which the drug was to be used. At the time of the sale of the drug to Plaintiff, Defendant Pfizer knew, or had reason to know, that Plaintiff was relying on the skill and judgment of Defendant Pfizer to select or furnish a suitable product for the intended purpose. At the time of sale of the drug to Plaintiff, Defendant Pfizer exercised its skill and judgment in the selection of this drug as safe and effective, and Plaintiff relied thereon.  Celebrex was not reasonably fit and/or suitable for the use for which it was selected.

42.     Failure of Defendant Pfizer to select and sell a product which, was reasonably safe for its intended use, proximately caused Plaintiff's injuries as set forth in paragraph 20 above.

WHEREFORE, the Plaintiff, Hobert Church Jr., prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of $5,000,000.00.

### COUNT VII: UNJUST ENRICHMENT

43.     Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

44.     Defendant Pfizer accepted payment from Plaintiff for the purchase of Celebrex.

45.     Plaintiff did not receive a safe and effective drug for which Plaintiff paid.

46.     It would not be equitable for Defendant Pfizer to retain this money because Plaintiff did not, in fact, receive a safe and efficacious drug.

WHEREFORE, the Plaintiff, Hobert Church Jr., prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of Plaintiff's prescription drug.

Respectfully submitted,


THE LAW OFFICES OF PAUL A. WEYKAMP


BY_____

Paul A. Weykamp
Suite 2
16 Stenersen Lanes
Hunt Valley, MD 21030
Telephone: (410) 584-0660
Email: pweykamp@Weykamplaw.com
Attorneys for Plaintiff


**PRAYER FOR TRIAL BY JURY**

The Plaintiff prays for a trial by jury on all issues presented herein.

_____
Paul A. Weykamp

| | | |
|---|---|---|
| Hobert Church Jr. | * | IN THE UNITED STATES |
| 797 John Jones Road | * | |
| Elk Park, NC 28622 | * | DISTRICT COURT |
| | * | |
| | * | FOR MARYLAND AT |
| Plaintiff | * | |
| | * | BALTIMORE |
| v. | * | |
| | * | |
| Pfizer Inc. | * | |
| 235 East 42nd Street | * | |
| New York, NY 10017 | * | |
| | * | |
| Serve: The Corporation Trust Inc. | * | |
| 300 E. Lombard St. | * | |
| Baltimore, MD 21202 | * | CIVIL ACTION NO.: |
| | * | |
| | * | |
| Defendant | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Mr,/Madam Clerk:

Please prepare writ of summons for private process service on the following:

The Corporation Trust Inc.
300 East Lombard St.
Baltimore, Maryland 21202

                                                Respectfully Submitted

                                                _____

                                                Paul A. Weykamp

Case 3:08-cv-00708-CRB     Document 1     Filed 01/30/2008     Page 12 of 12

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Hobert Church Jr.

**DEFENDANTS**
Pfizer Inc.

(b) County of Residence of First Listed Plaintiff: **North Carolina**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **New York, NY**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Paul A. Weykamp, 16 Stenersen Lane, Hunt Valley, MD 21030
410-584-0660

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  ☒ 365 Personal Injury Product Liability |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability |  ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities Employment / ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 446 Amer. w/Disabilities Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Diversity Jurisdiction
Brief description of cause:
Pharmaceutical Products Liability Claim

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE                    DOCKET NUMBER

DATE: 11/13/2007
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

A CERTIFIED TRUE COPY

JAN -3 2008

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 14 2007

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

JAN 10 2008

CLERK'S OFFICE
AT BALTIMORE
BY_____ DEPUTY

IN RE: BEXTRA AND CELEBREX MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY LITIGATION

MDL No. 1699

(SEE ATTACHED SCHEDULE)

**CONDITIONAL TRANSFER ORDER (CTO-91)**

On September 6, 2005, the Panel transferred 30 civil actions to the United States District Court for the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. See 391 F.Supp.2d 1377 (J.P.M.L. 2005). Since that time, 1,164 additional actions have been transferred to the Northern District of California. With the consent of that court, all such actions have been assigned to the Honorable Charles R. Breyer.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Northern District of California and assigned to Judge Breyer.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern District of California for the reasons stated in the order of September 6, 2005, and, with the consent of that court, assigned to the Honorable Charles R. Breyer.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of California. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

JAN - 3 2008

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

I certify that the annexed
instrument is a true and correct copy
of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California

by _Simone Voltz_____
Deputy Clerk
1-7-08

IN RE: BEXTRA AND CELEBREX MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY LITIGATION

MDL No. 1699

## SCHEDULE CTO-91 - TAG-ALONG ACTIONS

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| **FLORIDA MIDDLE** | |
| FLM 8 07-2011 | Vincent Rosenquist, et al. v. Pfizer Inc. |
| **MARYLAND** | |
| MD 1 07-3130 | Alex Bondarenko v. Pfizer Inc. |
| MD 1 07-3131 | Melvin Brown v. Pfizer Inc. |
| MD 1 07-3133 | Theodore Carter v. Pfizer Inc. |
| MD 1 07-3134 | Hobert Church, Jr. v. Pfizer Inc. |
| MD 1 07-3135 | Gary Cox v. Pfizer Inc. |
| MD 1 07-3136 | Raymond Deigert v. Pfizer Inc. |
| MD 1 07-3137 | Dana Johnson v. Pfizer Inc. |
| MD 1 07-3138 | Ruth Logan v. Pfizer Inc. |
| MD 1 07-3139 | Nora Manning v. Pfizer Inc. |
| MD 1 07-3140 | Esther Nimarko v. Pfizer Inc. |
| MD 1 07-3141 | Carolyn Owens v. Pfizer Inc. |
| MD 1 07-3142 | George Sherain, II v. Pfizer Inc. |
| MD 1 07-3143 | Inetta Wood v. Pfizer Inc. |
| **MINNESOTA** | |
| MN 0 07-4634 | Vivian Cobb v. Pfizer Inc., et al. |
| MN 0 07-4661 | Gene Summers v. Pfizer Inc., et al. |
| MN 0 07-4662 | Ed Narke v. Pfizer Inc., et al. |
| MN 0 07-4670 | Charlotte Allen, et al., Pfizer Inc., et al. |
| MN 0 07-4671 | Joann Burkeen, et al. v. Pfizer Inc., et al. |
| **MISSISSIPPI NORTHERN** | |
| MSN 4 07-124 | Claiborne Leon Collier, Sr., et al. v. Pfizer Inc., et al. |

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

JAN 10 2008

CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

1699, CLOSED, XMDL

# U.S. District Court
## District of Maryland (Baltimore)
### CIVIL DOCKET FOR CASE #: 1:07-cv-03134-BEL

Church v. Pfizer Inc.  
Assigned to: Chief Judge Benson Everett Legg  
Cause: 28:1332 Diversity-Product Liability

Date Filed: 11/20/2007  
Date Terminated: 01/10/2008  
Jury Demand: Plaintiff  
Nature of Suit: 365 Personal Inj. Prod. Liability  
Jurisdiction: Diversity

**Plaintiff**

Mr. Hobert Church, Jr.     represented by   **Paul A Weykamp**  
Law Offices of Paul A Weykamp PA  
16 Stenersen Ln Ste 2  
Hunt Valley, MD 21030  
14105840660  
Fax: 14105841005  
Email: pweykamp@weykamplaw.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Pfizer Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 11/20/2007 | | Case reassigned to Judge Benson Everett Legg. Judge Catherine C. Blake no longer assigned to the case. (raf, Deputy Clerk) (Entered: 11/26/2007) |
| 11/20/2007 | 1 | COMPLAINT against Pfizer Inc. (Filing fee $ 350, receipt #14637021314), filed by Hobert Church, Jr. (Attachments: # 1 Civil Cover Sheet)(raf, Deputy Clerk) Modified on 12/4/2007 (raf, Deputy Clerk). (Entered: 11/26/2007) |
| 11/20/2007 | | Jury Trial Demand by Hobert Church, Jr. (raf, Deputy Clerk) (Entered: 11/26/2007) |
| 11/28/2007 | 2 | Summons Issued 60 days as to Pfizer Inc. (raf, Deputy Clerk) (Entered: 11/28/2007) |
| 01/10/2008 | 3 | Certified Transfer Order transferring case to the Northern District of |

|            |   | California, San Francisco Division. (Signed by Clerk, MDL Panel) (hml, Deputy Clerk) (Entered: 01/10/2008) |
|------------|---|---|
| 01/10/2008 | 4 | Correspondence from Clerk to Northern District of California, San Francisco re: Transfer. (hml, Deputy Clerk) (Entered: 01/10/2008) |

| PACER Service Center |||| 
|---|---|---|---|
| Transaction Receipt ||||
| 02/01/2008 19:25:33 ||||
| PACER Login: | us4077 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:07-cv-03134-BEL |
| Billable Pages: | 1 | Cost: | 0.08 |