AMY W. SCHULMAN
DLA PIPER LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
amy.schulman@dlapiper.com

STUART M. GORDON (SBN: 037477)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
sgordon@gordonrees.com

MICHAEL C. ZELLERS (SBN: 146904)
TUCKER ELLIS & WEST LLP
515 South Flower Street, Suite 4200
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409
michael.zellers@tuckerellis.com

Attorneys for Defendant
PFIZER INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) MDL Docket No. 1699 ) ) CASE NO. 3:08-cv-00708-CRB |
| This document relates to | ) |
| HOBART CHURCH, JR., | ) **PFIZER INC.'S ANSWER TO** ) **COMPLAINT** |
| Plaintiff, | ) ) **JURY DEMAND ENDORSED** |
| vs. | ) **HEREIN** ) |
| PFIZER INC., | ) ) |
| Defendant. | ) ) ) ) |

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    NOW COMES Defendant Pfizer Inc. ("Defendant"), and files this Answer to Plaintiff's

2    Complaint ("Complaint"), and would respectfully show the Court as follows:

### I.

### PRELIMINARY STATEMENT

The Complaint does not state in sufficient detail when Plaintiff was prescribed or used Celebrex® (celecoxib) ("Celebrex®").  Accordingly, this Answer can only be drafted generally. Defendant may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiff was prescribed and used Celebrex®.

### II.

### ANSWER

### Response to Allegations Regarding Parties, Jurisdiction, and Venue

1.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and whether Plaintiff used Celebrex®, and, therefore, denies the same.  Defendant denies the remaining allegations in this paragraph of the Complaint.

2.    Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendant admits that it is a Delaware corporation with its principal place of business in New York. Defendant admits that it is registered to do and does business in the States of Maryland and North Carolina.  Defendant denies any wrongful conduct, denies having committed a tort in the State of Maryland, and denies the remaining allegations in this paragraph of the Complaint.

3.    Plaintiff's Complaint omits paragraph number 3.

4.    Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint concerning Plaintiff's citizenship and the amount in controversy, and, therefore, denies the same.  However, Defendant admits that Plaintiff claims that the parties are diverse and that the amount in controversy exceeds $75,000, exclusive of

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

interests and costs.  Defendant denies the remaining allegations in this paragraph of the Complaint.

5.    Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, denies the same.  Defendant admits that, during certain periods of time, it marketed and co-promoted Celebrex® in the United States, including Maryland and North Carolina, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant admits that it provided FDA-approved prescribing information regarding Celebrex®.  Defendant admits that it does business in the States of Maryland and North Carolina.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

### Response to Factual Allegations

6.    Defendant admits that, during certain periods of time, it marketed and co-promoted Celebrex® in the United States, including Maryland and North Carolina, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant admits that it provided FDA-approved prescribing information regarding Celebrex®.  Defendant denies the remaining allegations in this paragraph of the Complaint.

7.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant denies that Celebrex® caused Plaintiff injury or damage and denies the remaining allegations in this paragraph of the Complaint.

8.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

9.      Defendant admits that, during certain periods of time, it marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant admits that it provided FDA-approved prescribing information regarding Celebrex®.    Defendant denies the remaining allegations in this paragraph of the Complaint.

10.      Defendant admits that Celebrex® is in a class of drugs that is, at times, referred to as non-steroidal anti-inflammatory drugs ("NSAIDS").   Defendant states that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older.  Defendant denies the remaining allegations in this paragraph of the Complaint.

11.      Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

12.      Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

13.     Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant admits that it provided FDA-approved prescribing information regarding Celebrex®. Defendant denies the remaining allegations in this paragraph of the Complaint.

14.     Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

15.     Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

### Response to First Cause of Action: Negligence

16.     Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

17.     Defendant admits that, during certain periods of time, it marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant denies the remaining allegations in this paragraph of the Complaint.

18.     Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Celebrex® is unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

19.     Defendant states that this paragraph of the Complaint contains legal contentions to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

which no response is required. To the extent that a response is deemed required, Defendant admits that it had duties as are imposed by law but denies having breached such duties. Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

20.    Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendant admits that it had duties as are imposed by law but denies having breached such duties. Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 20 of the Complaint, Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

**Response to Second Cause of Action: Strict Products Liability**

21.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

22.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Celebrex® is defective or unreasonably

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    dangerous, and denies the remaining allegations in this paragraph of the Complaint.

2    23.    Defendant states that Celebrex® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendant states that the potential effects of

4    Celebrex® were and are adequately described in its FDA-approved prescribing information,

5    which was at all times adequate and comported with applicable standards of care and law.

6    Defendant denies any wrongful conduct, denies that Celebrex® is defective, and denies the

7    remaining allegations in this paragraph of the Complaint.

8    24.    Defendant states that Celebrex® was and is safe and effective when used in accordance

9    with its FDA-approved prescribing information.  Defendant states that the potential effects of

10   Celebrex® were and are adequately described in its FDA-approved prescribing information,

11   which was at all times adequate and comported with applicable standards of care and law.

12   Defendant denies any wrongful conduct, denies that Celebrex® is defective, and denies the

13   remaining allegations in this paragraph of the Complaint.

14   25.    Defendant is without knowledge or information sufficient to form a belief as to the truth

15   of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

16   Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe

17   and effective when used in accordance with its FDA-approved prescribing information.

18   Defendant states that the potential effects of Celebrex® were and are adequately described in its

19   FDA-approved prescribing information, which was at all times adequate and comported with

20   applicable standards of care and law.  Defendant denies any wrongful conduct, denies that

21   Celebrex® is defective, and denies the remaining allegations in this paragraph of the

22   Complaint.

23   26.    Defendant states that Celebrex® was and is safe and effective when used in accordance

24   with its FDA-approved prescribing information.  Defendant states that the potential effects of

25   Celebrex® were and are adequately described in its FDA-approved prescribing information,

26   which was at all times adequate and comported with applicable standards of care and law.

27   Defendant denies any wrongful conduct, denies that Celebrex® is defective, and denies the

28   remaining allegations in this paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

27.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Celebrex® is defective, and denies the remaining allegations in this paragraph of the Complaint.

28.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Celebrex® is defective, denies that Celebrex® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 28 of the Complaint, Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

**Response to Third Cause of Action: Fraud**

29.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

30.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1       Answering the unnumbered paragraph following Paragraph 30 of the Complaint,

2   Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or

3   damage, and denies the remaining allegations in this paragraph of the Complaint.

4           **Response to Fourth Cause of Action: Negligent Misrepresentation**

5   31.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

6   Complaint as if fully set forth herein.

7   32.    Defendant admits that, during certain periods of time, it marketed and co-promoted

8   Celebrex® in the United States to be prescribed by healthcare providers who are by law

9   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant states

10  that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

11  prescribing information.  Defendant states that the potential effects of Celebrex® were and are

12  adequately described in its FDA-approved prescribing information, which was at all times

13  adequate and comported with applicable standards of care and law.  Defendant denies any

14  wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

15  33.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

16  Complaint as if fully set forth herein.  Defendant is without knowledge or information sufficient

17  to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding

18  whether Plaintiff used Celebrex®, and, therefore, denies the same.  Defendant states that

19  Celebrex® was and is safe and effective when used in accordance with its FDA-approved

20  prescribing information.  Defendant states that the potential effects of Celebrex® were and are

21  adequately described in its FDA-approved prescribing information, which was at all times

22  adequate and comported with applicable standards of care and law.  Defendant denies any

23  wrongful conduct, denies that Celebrex® is defective, denies that Celebrex® caused Plaintiff

24  injury or damage, and denies the remaining allegations in this paragraph of the Complaint,

25  including all subparts.

26  34.    Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury

27  or damage, and denies the remaining allegations in this paragraph of the Complaint.

28      Answering the unnumbered paragraph following Paragraph 34 of the Complaint,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or

2   damage, and denies the remaining allegations in this paragraph of the Complaint.

3                **Response to Fifth Cause of Action: Express Warranty for Goods**

4   35.     Defendant incorporates by reference its responses to each paragraph of Plaintiff's

5   Complaint as if fully set forth herein.

6   36.     Defendant states that this paragraph of the Complaint contains legal contentions to

7   which no response is required.  To the extent that a response is deemed required, Defendant

8   admits that it had duties as are imposed by law but denies having breached such duties.

9   Defendant admits that, during certain periods of time, it marketed and co-promoted Celebrex®

10  in the United States to be prescribed by healthcare providers who are by law authorized to

11  prescribe drugs in accordance with their approval by the FDA.  Defendant states that Celebrex®

12  was and is safe and effective when used in accordance with its FDA-approved prescribing

13  information.  Defendant states that the potential effects of Celebrex® were and are adequately

14  described in its FDA-approved prescribing information, which was at all times adequate and

15  comported with applicable standards of care and law.  Defendant denies any wrongful conduct,

16  denies that Celebrex® caused Plaintiff injury or damage, and denies the remaining allegations

17  in this paragraph of the Complaint.

18          Answering the unnumbered paragraph following Paragraph 36 of the Complaint,

19  Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or

20  damage, and denies the remaining allegations in this paragraph of the Complaint.

21                **Response to Sixth Cause of Action: Implied Warranty**

22                        **A. Warranty of Merchantability**

23  37.     Defendant incorporates by reference its responses to each paragraph of Plaintiff's

24  Complaint as if fully set forth herein.

25  38.     Defendant is without knowledge or information sufficient to form a belief as to the truth

26  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

27  Celebrex®, and, therefore, denies the same.  Defendant admits that, during certain periods of

28  time, it marketed and co-promoted Celebrex® in the United States to be prescribed by

**Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111**

healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Celebrex® is defective, and denies the remaining allegations in this paragraph of the Complaint.

39.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Celebrex® is defective, denies that Celebrex® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

### B. Warranty of Fitness

40.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

41.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, denies the same. Defendant admits that, during certain periods of time, it marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

42.     Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 42 of the Complaint, Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

**Response to Seventh Cause of Action: Unjust Enrichment**

43.     Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

44.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and, therefore, denies the same. Defendant denies the remaining allegations in this paragraph of the Complaint.

45.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

46.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 46 of the Complaint,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1 │ Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or

2 │ damage, and denies the remaining allegations in this paragraph of the Complaint.

3 │ **III.**

4 │ **GENERAL DENIAL**

5 │     Defendant denies all allegations and/or legal conclusions set forth in Plaintiff's

6 │ Complaint that have not been previously admitted, denied, or explained.

7 │ **IV.**

8 │ **AFFIRMATIVE DEFENSES**

9 │     Defendant reserves the right to rely upon any of the following or additional defenses to

10 │ claims asserted by Plaintiff to the extent that such defenses are supported by information

11 │ developed through discovery or evidence at trial.  Defendant affirmatively shows that:

12 │ **First Defense**

13 │ 1.    The Complaint fails to state a claim upon which relief can be granted.

14 │ **Second Defense**

15 │ 2.    Celebrex® is a prescription medical product.  The federal government has preempted the

16 │ field of law applicable to the labeling and warning of prescription medical products.

17 │ Defendant's labeling and warning of Celebrex® was at all times in compliance with applicable

18 │ federal law.  Plaintiff's causes of action against Defendant, therefore, fail to state a claim upon

19 │ which relief can be granted; such claims, if allowed, would conflict with applicable federal law

20 │ and violate the Supremacy Clause of the United States Constitution.

21 │ **Third Defense**

22 │ 3.    At all relevant times, Defendant provided proper warnings, information and instructions

23 │ for the drug in accordance with generally recognized and prevailing standards in existence at the

24 │ time.

25 │ **Fourth Defense**

26 │ 4.    At all relevant times, Defendant's warnings and instructions with respect to the use of

27 │ Celebrex® conformed to the generally recognized, reasonably available, and reliable state of

28 │ knowledge at the time the drug was manufactured, marketed and distributed.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifth Defense**

5.     Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendant.

**Sixth Defense**

6.     Plaintiff's action is barred by the statute of repose.

**Seventh Defense**

7.     Plaintiff's claims against Defendant are barred to the extent Plaintiff was contributorily negligent, actively negligent or otherwise failed to mitigate Plaintiff's damages, and any recovery by Plaintiff should be diminished accordingly.

**Eighth Defense**

8.     The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendant.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendant and for whose acts or omissions Defendant is not liable in any way.

**Ninth Defense**

9.     The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendant cannot be liable.

**Tenth Defense**

10.     Any injuries or expenses incurred by Plaintiff were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.     Defendant affirmatively denies that it violated any duty owed to Plaintiff.

**Twelfth Defense**

12.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in

determining the use of the product. Celebrex® is a prescription medical product, available only on the order of a licensed physician. Celebrex® provided an adequate warning to Plaintiff's treating and prescribing physicians.

### Thirteenth Defense

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

### Fourteenth Defense

14.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of the occurrence of the injuries alleged by Plaintiff was legally adequate for its approved usages.

### Fifteenth Defense

15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

### Sixteenth Defense

16.    Plaintiff's alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendant and any liability of Defendant is therefore barred.

### Seventeenth Defense

17.    Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendant.

### Eighteenth Defense

18.    Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

### Nineteenth Defense

19.    Plaintiff knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Twentieth Defense**

20.    Plaintiff is barred from recovering against Defendant because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.    Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

**Twenty-third Defense**

23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

**Twenty-fourth Defense**

24.    Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

**Twenty-fifth Defense**

25.    Plaintiff's claims are barred in whole or in part because Defendant provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to § 402A of the Restatement (Second) of Torts.

**Twenty-sixth Defense**

26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Twenty-seventh Defense

27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

### Twenty-eighth Defense

28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

### Twenty-ninth Defense

29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts sufficient under the law to justify an award of punitive damages.

### Thirtieth Defense

30.    Defendant affirmatively avers that the imposition of punitive damages in this case would violate Defendant's rights to procedural due process under both the Fourteenth Amendment of the United States Constitution and the Constitutions of the States of Maryland and California, and would additionally violate Defendant's rights to substantive due process under the Fourteenth Amendment of the United States Constitution.

### Thirty-first Defense

31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by State of Maryland law and by the Fifth and Fourteenth Amendments to the United States Constitution.

### Thirty-second Defense

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-third Defense

33.    Plaintiff's punitive damage claims are preempted by federal law.

### Thirty-fourth Defense

34.    In the event that reliance was placed upon Defendant's nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendant.

**Thirty-fifth Defense**

35.    Plaintiff failed to provide Defendant with timely notice of any alleged nonconformance to any express representation.

**Thirty-sixth Defense**

36.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendant's rights under the United States Constitution.

**Thirty-seventh Defense**

37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-eighth Defense**

38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitutions of the States of Maryland and California.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  damages, if any; (5) permits jury consideration of net worth or other financial information

2  relating to Defendant; (6) lacks constitutionally sufficient standards to be applied by the trial

3  court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient

4  standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy

5  Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*,

6  499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993);

7  *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v.*

8  *Campbell*, 538 U.S. 408 (2003).

9  **Thirty-ninth Defense**

10  39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

11  and marketing of Celebrex®, if any, used in this case, included adequate warnings and

12  instructions with respect to the product's use in the package insert and other literature, and

13  conformed to the generally recognized, reasonably available, and reliable state of the knowledge

14  at the time the product was marketed.

15  **Fortieth Defense**

16  40.    The claims asserted in the Complaint are barred because Celebrex® was designed, tested,

17  manufactured, and labeled in accordance with the state-of-the-art industry standards existing at

18  the time of the sale.

19  **Forty-first Defense**

20  41.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information

21  and belief, such injuries and losses were caused by the actions of persons not having real or

22  apparent authority to take said actions on behalf of Defendant and over whom Defendant had no

23  control and for whom Defendant may not be held accountable.

24  **Forty-second Defense**

25  42.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

26  was not unreasonably dangerous or defective, was suitable for the purpose for which it was

27  intended, and was distributed with adequate and sufficient warnings.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Forty-third Defense**

43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

**Forty-fourth Defense**

44.    Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions, or natural courses of conditions of Plaintiff, and were independent of or far removed from Defendant's conduct.

**Forty-fifth Defense**

45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiff.

**Forty-sixth Defense**

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Defendant's conduct.

**Forty-seventh Defense**

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards, and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

**Forty-eighth Defense**

48.    The claims must be dismissed because Plaintiff would have taken Celebrex® even if the product labeling contained the information that Plaintiff contends should have been provided.

**Forty-ninth Defense**

49.    The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

**Fiftieth Defense**

50.    Plaintiff's damages, if any, are barred or limited by the payments received from collateral

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    sources.

2    **Fifty-first Defense**

3    51.    Defendant's liability, if any, can only be determined after the percentages of

4    responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if

5    any, are determined.  Defendant seeks an adjudication of the percentage of fault of Plaintiff and

6    each and every other person whose fault could have contributed to the alleged injuries and

7    damages, if any, of Plaintiff.

8    **Fifty-second Defense**

9    52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the

10    common law gives deference to discretionary actions by the United States Food and Drug

11    Administration under the Federal Food, Drug, and Cosmetic Act.

12    **Fifty-third Defense**

13    53.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

14    is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

15    ("FDCA"), 21 U.S.C. §§ 301 et seq., and regulations promulgated thereunder, and Plaintiff's

16    claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

17    FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and

18    with the specific determinations by FDA specifying the language that should be used in the

19    labeling accompanying Celebrex®.    Accordingly, Plaintiff's claims are preempted by the

20    Supremacy Clause of the United States Constitution, Art. VI, cl. 2, and the laws of the United

21    States.

22    **Fifty-fourth Defense**

23    54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity

24    required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

25    **Fifty-fifth Defense**

26    55.    Defendant states on information and belief that the Complaint and each purported cause

27    of action contained therein is barred by the statutes of limitations contained in California Code

28    of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as

**Gordon & Rees, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  may apply.

2  **Fifty-sixth Defense**

3  56.    Defendant states on information and belief that any injuries, losses, or damages suffered

4  by Plaintiff was proximately caused, in whole or in part, by the negligence or other actionable

5  conduct of persons or entities other than Defendant.    Therefore, Plaintiff's recovery against

6  Defendant, if any, should be reduced pursuant to California Civil Code § 1431.2.

7  **Fifty-seventh Defense**

8  57.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of

9  Defendant, no act or omission was oppressive, fraudulent, or malicious under California Civil

10  Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive

11  damages is also barred under California Civil Code § 3294(b).

12  **Fifty-eighth Defense**

13  58.    Defendant reserves the right to supplement its assertion of defenses as it continues with

14  its factual investigation of Plaintiff's claims.

15  **V.**

16  **JURY DEMAND**

17       Defendant hereby demands a trial by jury of all the facts and issue in this case pursuant to

18  Federal Rule of Civil Procedure 38(b).

19  **VI.**

20  **PRAYER**

21  WHEREFORE, Defendant prays for judgment as follows:

22  1.    That Plaintiff takes nothing from Defendant by reason of the Complaint;

23  2.    That the Complaint be dismissed;

24  3.    That Defendant be awarded its costs for this lawsuit;

25  4.    That the trier of fact determine what percentage of the combined fault or other liability of

26       all persons whose fault or other liability proximately caused Plaintiff's alleged injuries,

27       losses or damages is attributable to each person;

28  5.    That any judgment for damages against Defendant in favor of Plaintiff be no greater than

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

-22-

1    an amount which equals Plaintiff's proportionate share, if any, of the total fault or other

2    liability which proximately caused Plaintiff's injuries and damages; and

3    6.     That Defendant has such other and further relief as the Court deems appropriate.

4

5    March 7, 2008                                    GORDON & REES LLP

6

7                                                     By: :_____/s/_____

8                                                          Stuart M. Gordon
                                                           sgordon@gordonrees.com
9                                                          Embarcadero Center West
                                                           275 Battery Street, 20th Floor
10                                                         San Francisco, CA 94111
                                                           Telephone: (415) 986-5900
11                                                         Fax: (415) 986-8054

12   March 7, 2008                                    TUCKER ELLIS & WEST LLP

13

14                                                   By: :_____/s/_____

15                                                        Michael C. Zellers
                                                          michael.zellers@tuckerellis.com
16                                                        515 South Flower Street, Suite 4200
                                                          Los Angeles, CA  90071-2223
17                                                        Telephone: (213) 430-3400
                                                          Fax: (213) 430-3409
18
19                                                        Attorneys for Defendant
                                                          PFIZER INC.
20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

## JURY DEMAND

2       Defendant Pfizer Inc. hereby demands a trial by jury of all the facts and issues in this

3  case pursuant to 38(b) of the Federal Rules of Civil Procedure.

4  March 7, 2008                        GORDON & REES LLP

5

6                                       By: : _____/s/_____

7                                           Stuart M. Gordon
                                            sgordon@gordonrees.com
8                                           Embarcadero Center West
                                            275 Battery Street, 20th Floor
9                                           San Francisco, CA  94111
                                            Telephone:  (415) 986-5900
10                                          Fax:  (415) 986-8054

11

12 March 7, 2008                        TUCKER ELLIS & WEST LLP

13

14                                      By: : _____/s/_____

15                                          Michael C. Zellers
                                            michael.zellers@tuckerellis.com
16                                          515 South Flower Street, Suite 4200
                                            Los Angeles, CA 90071-2223
17                                          Telephone:  (213) 430-3400
                                            Fax:  (213) 430-3409

18                                          Attorneys for Defendant
                                            PFIZER INC.
19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111